**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **FELIN JAMES BELL,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:06-CV-848-B** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. Parties

Petitioner Felin James Bell, TDCJ # 1147038, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Lovelady, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C. Factual and Procedural History

On September 9, 1999, a jury found Bell guilty of robbery in cause number F-0271796-UI in the Criminal District Court 2 of Dallas County, Texas, and the trial court assessed an enhanced

punishment of thirty-five years' confinement. (Clerk's R. at 52). The Fifth District Court of Appeals of Texas affirmed the trial court's judgment on November 3, 2003, and on March 10, 2004, the Texas Court of Criminal Appeals refused Bell's petition for discretionary review. *Bell v. Texas*, No. 05-03-00194-CR, slip op. (Tex. App.–Dallas Nov. 3, 2003) (not designated for publication); *Bell v. Texas*, PDR No. 2033-03. Bell did not seek writ of certiorari. (Petition at 3).

On March 3, 2005, Bell filed a state application for writ of habeas corpus challenging his conviction, which was denied on January 25, 2006, without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Bell*, Application No. 63,125-01, at cover. Bell filed this federal petition for writ of habeas corpus on May 5, 2006.[1] Quarterman has filed an answer with supporting brief and documentary exhibits, to which Bell has filed a reply.

## II. STATUTE OF LIMITATIONS

Quarterman argues Bell's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Answer at 2-4). 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

> by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the trial court's judgment of conviction became final upon expiration of the time that Bell had for seeking certiorari in the United States Supreme Court on June 8, 2004. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Thus, the federal limitations period began on that date and closed one year later on June 8, 2005.

Bell is entitled to statutory tolling under § 2244(d)(2) during the pendency of his state habeas applications, which operated to toll the limitations period for 328 days. Thus, his petition was due on or before May 2, 2006. Although he makes the argument, Bell has not alleged and demonstrated that he is entitled to additional tolling as a matter of equity. Equitable tolling is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is warranted principally when the plaintiff is actively misled by the

defendant or is prevented in some extraordinary way from asserting his rights. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999).

Bell asserts that, although diligent in his efforts, his delay was due to "lapses in notice" by the state courts and restricted access to the law library. Because Bell provides no details in support of these claims, the claims are conclusory at best. Moreover, these are common problems among inmates who are trying to pursue postconviction habeas relief and typically do not justify equitable tolling. *See Lewis v. Cockrell*, 33 Fed. Appx. 704, 2002 WL 432658, at *3-4 (5th Cir. 2002) (not designation for publication in the Federal Reporter); *Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002); *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Bell also asserts that his state habeas application was placed in the prison mail system on February 27, 2005, and not March 3, 2005. However, unlike their federal counterparts, Texas state applications for habeas relief are not subject to the mailbox rule. *See Howland v. Quarterman*, 507 F.3d 840, 843-44 (5th Cir. 2007), *cert. denied*, ___ S. Ct. ___, 2008 WL 838936 (U.S. June 2, 2008) (No. 07-10121). Bell's ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Nothing in the record suggests that Bell was actively misled or deceived by the state or that he was prevented in some extraordinary way from asserting his rights. Bell has not shown that he is entitled to equitable tolling.

Bell's petition was due on or before May 2, 2006. Accordingly, his petition filed on May 5, 2006, is untimely.

## III. RECOMMENDATION

Bell's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

SIGNED on this 10th day of June, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE